**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jose Abarca, Hilda Juarez and Christopher Abarca, <br><br> Plaintiffs, <br><br> v. <br><br><br> Precise Packing, Inc. and Roberto Judas <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** <br><br> PLAINTIFF DEMANDS TRIAL BY JURY |

Plaintiffs, Jose Abarca ("Abarca"). Hilda Juarbe ("Juarbe"), and Christopher Abarca ("Christopher"), hereinafter may collectively be referred to as ("Plaintiffs"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Precise Packing, Inc. ("Defendant" or "Precise Packing") and Roberto Judas ("Defendant" or "Judas"), and may collectively be referred to as "Defendants".  In support of this Complaint, Plaintiffs state:

## Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as violations of the New York Labor Law, Section 190, *et. seq*. ("NYLL")

## Parties

2. Plaintiffs are residents of Central Islip, New York; and were employed by Defendants.

3. Plaintiffs regularly drove or loaded moving trucks for Defendants with a Gross Vehicle Weight Rating or Gross Vehicle Weight of less than 10,000 pounds.

4. Precise Packing is a business that is located, headquartered, and conducts business in Hauppauge, New York.

5. Judas is the owner and manager of Precise Packing, and they are in charge of its employees. On information and belief, Judas is a resident of Hauppauge, New York.

6. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

7. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District of New York because all underlying facts and transactions occurred in or about Hauppauge, New York.

## Facts Common To All Claims

9. Precise Packing is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

10. Judas is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at Precise Packing; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

**I.**
**As to Plaintiff Jose Abarca**

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages In Violation of the FLSA)**

11. Abarca reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 11.

12. Abarca began working at Precise Packing in or before November 2020 until November 2021.

13. At all times, Abarca held the same position at Precise Packing, he was a mover. Abarca regularly drove or loaded moving trucks for Defendants with a Gross Vehicle Weight Rating or Gross Vehicle Weight of less than 10,000 pounds. Abarca was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform packing and moving duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Although schedules are subject to change, Abarca's general schedule with Defendants required Plaintiff to work on average 70 hours per week.

15. Abarca was paid their wages on a(n) weekly basis.

16. Abarca's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

17. Abarca's rate of pay was $20.00 per hour.

18. Throughout the course of Abarca's employment with Defendants, Defendants regularly scheduled and directed Abarca to work in excess of forty (40) hours per week.

19. Defendants did not pay Abarca not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

20. On information and belief, Defendants have failed to keep proper time records tracking Abarca's time worked; and Defendants' failure and refusal to pay Abarca overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendants knew or should have known that Abarca was entitled to time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

21. Abarca is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $17,100.00 in unpaid overtime wages; (ii) liquidated damages of $17,100.00; and (iii) Abarca's attorney's fees and costs, to be determined. A calculation of Abarca's damages are attached as Exhibit A.

## SECOND CLAIM FOR RELIEF
(Failure to Pay Overtime Wages In Violation of the NYLL)

22. Abarca incorporates by reference Paragraphs 1-20, as if set forth in full herein for this Paragraph 22.

23. This count arises from Defendants' violation of the NYLL, by failing to pay Abarca New York mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of the NYLL.

24. Defendant's failure to pay Abarca the New York-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

25. Pursuant to the NYLL, Plaintiff is entitled to recover unpaid overtime wages for six (6) years prior to the filing of this suit, which amount totals $17,100.00

26. In additional Defendants' violation of the NYLL was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the NYLL totaling $17,100.00.

## THIRD CLAIM FOR RELIEF
### (Failure to Issue Accurate Age Notices In Violation of the NYLL)

27. Abarca incorporates by reference Paragraphs 1-20, as if set forth in full herein for this Paragraph 27.

28. NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

29. During the six years preceding this Complaint, Abarca experienced material changes in their employment, including the rate of pay at which Abarca was compensated.

30. During the preceding six years, Defendants unlawfully failed to issue accurate wage notices to Abarca by failing to notify Abarca of their accurate rate of pay, including overtime pay.

31. Due to Defendants' NYLL violations, Abarca is entitled to $50 per day for every day accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Failure to Furnish Accurate Wage Statements/Paystubs)

32. Abarca incorporates by reference Paragraphs 1-20, as if set forth in full herein for this Paragraph 32.

33. NYLL § 195(3) requires employers to furnish employees with accurate wage statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof, and hours worked.

34. During the preceding six years, Defendants unlawfully failed to issue accurate wage statements to Abarca, including failing to include overtime pay in any such wage statements.

35. Due to Emblem's NYLL violations, Abarca and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**WHEREFORE**, Plaintiff Abarca respectfully requests that the Court enter a judgment in their favor and against Defendants Precise Packing and Roberto Judas jointly and severally, for:

A. An award for Defendant's violations of the FLSA in the amount of unpaid overtime wages for all time worked by Abarca in excess of forty (40) hours in individual work weeks, totaling at least $17,100.00.

B. An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least $17,100.00.

C. An award for Defendant's violations of the NYLL and/or its regulations, totaling at least $17,100.00 plus such pre-judgment and post-judgment interest as may be allowed by law;

D. An award of liquidated damages for Defendant's willful violations of the NYLL in an amount equal to at least $17,100.00.

E. An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

F. An award of $250 for each violation of of NYLL § 195(3) by Defendants, up to $5,000.00

G. A declaration that Defendants violated the FLSA;

H. An award reasonable attorneys' fees and costs; and

I. Any such additional or alternative relief as this Court deems just and proper.

## II.
## (As to Plaintiff Hilda Juarez)

### FIFTH CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages In Violation of the FLSA)

36. Juarez reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 36.

37. Juarez began working at Precise Packing in or before April 2020 until November 2021.

38. At all times, Juarez held the same position at Precise Packing, she was a mover. Juarez regularly drove or loaded moving trucks for Defendants with a Gross Vehicle Weight Rating or Gross Vehicle Weight of less than 10,000 pounds. Juarez was an "employee" of Defendants as that term is used in Section 203 of the FLSA because she was employed by Defendants to perform packing and moving duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

39. Although schedules are subject to change, Juarez's general schedule with Defendants required Plaintiff to work on average 42 hours per week.

40. Juarez was paid their wages on a(n) weekly basis.

41. Juarez's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

42. Juarez's rate of pay was $16.00 per hour.

43. Throughout the course of Juarez's employment with Defendants, Defendants regularly scheduled and directed Juarez to work in excess of forty (40) hours per week.

44. Defendants did not pay Juarez not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

45. On information and belief, Defendants have failed to keep proper time records tracking Juarez's time worked; and Defendants' failure and refusal to pay Juarez overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendants knew or should have known that Juarez was entitled to time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

46. Juarez is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $560.00 in unpaid overtime wages; (ii) liquidated damages of $560.00; and (iii) Juarez's attorney's fees and costs, to be determined. A calculation Juarez's damages are included as Exhibit B.

## SIX CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages In Violation of the NYLL)

47. Juarez incorporates by reference Paragraphs 37-45, as if set forth in full herein for this Paragraph 47.

48. This count arises from Defendants' violation of the NYLL, by failing to pay Juarez New York mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of the NYLL.

49. Defendant's failure to pay Juarez the New York-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

50. Pursuant to the NYLL, Juarez is entitled to recover unpaid overtime wages for six (6) years prior to the filing of this suit, which amount totals $560.00

51. In additional Defendants' violation of the NYLL was willful, and thus Juarez is entitled to recover liquidated damages pursuant to the NYLL totaling $560.00.

## SEVENTH CLAIM FOR RELIEF
### (Failure to Issue Accurate Age Notices In Violation of the NYLL)

52. Juarez incorporates by reference Paragraphs 37-45, as if set forth in full herein for this Paragraph 52.

53. NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

54. During the six years preceding this Complaint, Juarez experienced material changes in their employment, including the rate of pay at which Juarez was compensated.

55. During the preceding six years, Defendants unlawfully failed to issue accurate wage notices to Juarez by failing to notify Juarez of their accurate rate of pay, including overtime pay.

56. Due to Defendants' NYLL violations, Juarez is entitled to $50 per day for every day accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## EIGHT CLAIM FOR RELIEF
### (Failure to Furnish Accurate Wage Statements/Paystubs)

57. Juarez incorporates by reference Paragraphs 37-45, as if set forth in full herein for this Paragraph 57.

58. NYLL § 195(3) requires employers to furnish employees with accurate wage statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof, and hours worked.

59. During the preceding six years, Defendants unlawfully failed to issue accurate wage statements to Juarez, including failing to include overtime pay in any such wage statements.

60. Due to Emblem's NYLL violations, Juarez and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**WHEREFORE**, Plaintiff Juarez respectfully requests that the Court enter a judgment in their favor and against Defendants Precise Packing and Roberto Judas jointly and severally, for:

A. An award for Defendant's violations of the FLSA in the amount of unpaid overtime wages for all time worked by Juarez in excess of forty (40) hours in individual work weeks, totaling at least $560.00.

B. An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least 560.00

C. An award for Defendant's violations of the NYLL and/or its regulations, totaling at least $560.00 plus such pre-judgment and post-judgment interest as may be allowed by law;

D. An award of liquidated damages for Defendant's willful violations of the NYLL in an amount equal to at least $560.00.

E. An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

F. An award of $250 for each violation of of NYLL § 195(3) by Defendants, up to $5,000.00

G. A declaration that Defendants violated the FLSA.

H. An award reasonable attorneys' fees and costs; and

I. Any such additional or alternative relief as this Court deems just and proper.

## III.
### (As to Plaintiff Christopher Abarca)

### NINTH CLAIM FOR RELIEF
### (Failure to Pay Minimum Wages In Violation of the FLSA)

61.	Christopher reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 61.

62.	Plaintiff worked for Defendants as a mover and packer from June 2021 until July 2021.

63.	At all times, Christopher held the same position at Precise Packing, he was a mover. Christopher loaded moving trucks for Defendants with a Gross Vehicle Weight Rating or Gross Vehicle Weight of less than 10,000 pounds. Christopher was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform packing and moving duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

64.	Although schedules are subject to change, Christopher's general schedule with Defendants required Plaintiff to work on average 13.82 hours per week.

65.	Christopher's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

66.	Christopher's rate of pay was $16.00 per hour.

67.	Defendants willfully and intentionally refused to pay Christopher the applicable minimum wage for all of the hours that worked during the relevant time period totaling $1,656.00.

68.	Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

69. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Christopher is entitled to payment of the applicable minimum wage wrongfully or improperly held totaling $1,656.00.

### TENTH CLAIM FOR RELIEF
### (Failure to Pay Minimum Wages In Violation of the NYLL)

70. Christopher incorporates by reference Paragraphs 62-68, as if set forth in full herein for this Paragraph 70.

71. This count arises from Defendants' violation of the NYLL, by failing to pay Christopher New York mandated minimum wages for all hours worked in each individual work week in violation of the NYLL.

72. Defendant's failure to pay Christopher the New York-mandated minimum wage rate for all hours worked in an individual work week is a violation of the IMWL.

73. Pursuant to the NYLL, Christopher is entitled to recover unpaid wages for six (6) years prior to the filing of this suit, which amount totals $1,656.00.

74. In additional Defendants' violation of the NYLL was willful, and thus Christopher is entitled to recover liquidated damages pursuant to the NYLL totaling $1,656.00.

### ELEVENTH CLAIM FOR RELIEF
### (Failure to Issue Accurate Age Notices In Violation of the NYLL)

75. Christopher incorporates by reference Paragraphs 62-68, as if set forth in full herein for this Paragraph 75.

76. NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

77. During the six years preceding this Complaint, Christopher experienced material changes in their employment, including the rate of pay at which he was compensated.

78. During the preceding six years, Defendants unlawfully failed to issue accurate wage notices to Christopher by failing to notify him of their accurate rate of pay, including overtime pay.

79. Due to Defendants' NYLL violations, Christopher is entitled to $50 per day for every day accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## TWELVTH CLAIM FOR RELIEF
### (Failure to Furnish Accurate Wage Statements/Paystubs)

80. Christopher incorporates by reference Paragraphs 62-68, as if set forth in full herein for this Paragraph 80.

81. NYLL § 195(3) requires employers to furnish employees with accurate wage statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof, and hours worked.

82. During the preceding six years, Defendants unlawfully failed to issue accurate wage statements to Christopher, including failing to include overtime pay in any such wage statements.

83. Due to Defendants' NYLL violations, Christopher and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**WHEREFORE**, Plaintiff Christopher Abarca respectfully requests that the Court enter a judgment in their favor and against Defendants Precise Packing and Roberto Judas jointly and severally, for:

A. An award for Defendant's violations of the FLSA in the amount of unpaid minimum wages for all time worked by Christopher totaling at least $1,656.00.

B. An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least 1,656.00.

C. An award for Defendant's violations of the NYLL and/or its regulations, totaling at least $1,656.00 plus such pre-judgment and post-judgment interest as may be allowed by law;

D. An award of liquidated damages for Defendant's willful violations of the NYLL in an amount equal to at least $1,656.00.

E. An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

F. An award of $250 for each violation of of NYLL § 195(3) by Defendants, up to $5,000.00

G. A declaration that Defendants violated the FLSA.

H. An award reasonable attorneys' fees and costs; and

I. Any such additional or alternative relief as this Court deems just and proper.

s/Daniel I. Schlade
Attorney For Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
Email: dschlade@justicialaboral.com
        danschlade@gmail.com

**PLAINTIFF DEMANDS TRIAL BY JURY**